IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 OCT 11 PM 3:46

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| JESSE JAMES SMITH, | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2517-Ml/V |
| SHELBY COUNTY, et al., | X | |
| Defendants. | X | |

ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER ASSESSING APPELLATE FILING FEE
ORDER REAFFIRMING PREVIOUS SANCTIONS
AND
ORDER IMPOSING MONETARY SANCTION OF $250

On July 13, 2005, plaintiff Jesse James Smith, R & I number 23572, an inmate at the Shelby County Correctional Complex (SCCC)[1], filed this complaint under 42 U.S.C. § 1983. He did not pay the filing fee or submit a motion to proceed in forma pauperis. The Clerk shall record the defendants as Shelby County and Mark Luttrell as defendants.[2]

---

[1] The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2] Smith named the Shelby County Criminal Justice Center (Jail) as a defendant. The Jail is not a suable entity, therefore the Court construes the complaint as naming Shelby County as the defendant. Smith has also included unnamed Jail employees as defendants. It is well settled that a complaint naming fictitious parties as defendants is not adequate to commence an action unless a subsequent amendment identifying the defendants is filed in compliance with the relation-back requirements of Fed. R. Civ. P. 15(c). See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Bufalino v. Michigan Bell Tel. Co., 404 F.2d 1023,

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 10-12-05

Smith attempts to submit this complaint on behalf of his family by listing family members in the heading of the complaint, requesting that they be given power of attorney, and requesting that they receive compensation. No plaintiff besides Smith signed the complaint or submitted affidavits to proceed in forma pauperis. Fed. Rule Civ. P. 11 requires that every pleading be signed by an attorney, or if the party is not represented by an attorney, be signed by the party. Accordingly, as Jesse James Smith is the only plaintiff to comply with Rule 11, he is the only plaintiff in this case.

Smith is barred by 28 U.S.C. § 1915(g) from proceeding in forma pauperis because of restrictions placed on his filing privileges in Smith v. Shelby County et al., No. 03-2271-Ma/A (W.D. Tenn. July 28, 2003) and Smith v. Gilless, et al., No. 00-2937-Ml/V (W.D. Tenn. Nov. 28, 2000). Jesse James Smith has filed thirteen

---

(continued...)
F.3d 230, 240 (6th Cir. 1996); Bufalino v. Michigan Bell Tel. Co., 404 F.2d 1023, 1028 (6th Cir. 1968). Accordingly, the Court construes the complaint as naming only Shelby County and Mark Luttrell as the defendants.

previous cases in this district court.[3] Each dismissal of his frivolous cases counted as a strike under 28 U.S.C. § 1915(g).

In Smith v. Shelby County et al., No. 03-2271-Ma/A, the Court notified Smith that he was no longer eligible to file in forma pauperis actions and placed further restrictions on his filing privileges. The Court's order prohibited Jesse James Smith from filing further in forma pauperis actions in this district without leave of court and directed the Clerk "not to file, open on this Court's docket, assign a new docket number, or assign to a judge, any further case whatsoever submitted by this plaintiff unless

---

[3]  Smith v. Shelby County, No. 03-2271-Ma/A (W.D. Tenn. July 28, 2003) (dismissing § complaint under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and (g) and imposing further restrictions on filing privileges);
  Smith v. Gilless, No. 00-2937-Ml/V (W.D. Tenn. Nov. 28, 2000)(imposing restrictions on filing privileges under 28 U.S.C. § 1915(g) and dismissing § 1983 claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i));
  Smith v. Oliver, No. 96-2468-D/A (W.D. Tenn. May 6, 1996)(dismissing § 1983 claims as frivolous under 28 U.S.C. § 1915(d));
  Smith v. Pugh, No. 96-2449-D/A (W.D. Tenn. May 6, 1996)(dismissing § 1983 claims as frivolous under 28 U.S.C. § 1915(d));
  Smith v. Freeman, No. 95-2610-Tu/A (W.D. Tenn. Feb. 7, 1996)(dismissing § 1983 claims as frivolous under 28 U.S.C. § 1915(d));
  Smith v. William, No. 95-2609-D/V (W.D. Tenn. Feb. 15, 1996)(dismissing § 1983 claims as frivolous under 28 U.S.C. § 1915(d));
  Smith v. Jones, No. 95-2486-Tu/V (W.D. Tenn. Sept. 20, 1995)(dismissing § 1983 claims as frivolous under 28 U.S.C. § 1915(d));
  Smith v. Shelby County Corrections Center Director, No. 95-2342-Ml/V (W.D. Tenn. Sept. 12, 1995)(dismissing § 1983 claims as frivolous under 28 U.S.C. § 1915(d));
  Smith v. Coleman, No. 95-2184-Tu/Bro (W.D. Tenn. Mar. 27, 1995)(dismissing § 1983 claims as frivolous under 28 U.S.C. § 1915(d));
  Smith v. Pilgrim, No. 95-2141-Tu/Bro (W.D. Tenn. Feb. 29, 1996)(dismissing § 1983 claims as frivolous under 28 U.S.C. § 1915(d));
  Smith v. Orr, No. 94-2804-Ml/Bre (W.D. Tenn. Nov. 7, 1994)(dismissing § 1983 claims as frivolous under 28 U.S.C. § 1915(d));
  Smith v. Orr, No. 94-2648-Ml/A (W.D. Tenn. Oct. 7, 1994)(dismissing § 1983 claims as frivolous under 28 U.S.C. § 1915(d)); and
  Smith v. Orr, No. 94-2396-Tu/Bre (W.D. Tenn. Sept. 14, 1994)(dismissing § 1983 claims as frivolous under 28 U.S.C. § 1915(d)).

specifically directed to do so by a district judge or magistrate judge of this district." The order also admonished Smith that in the event he failed to abide by that order's restrictions, "the Court will then impose further sanctions against the plaintiff, including a further monetary fine, which may be collected directly from his prison trust fund account."

In accordance with the order entered July 28, 2003, unless Smith can demonstrate that he is now under imminent danger of serious physical injury, he cannot proceed under § 1915(b).[4] Smith alleges that unspecified Jail employees "created a hostile environment by verbal threat and assault" and "violated policy and procedures." Smith alleges that he filed a grievance without result. He also alleges that the dates and times of the alleged wrongs may be found on his grievance. Smith did not provide a copy of the grievance.

Plaintiff's allegations clearly fail to demonstrate that he is presently at risk or "in imminent danger of serious physical injury (describing in detail the nature of the danger, why it is imminent, and the nature of the serious physical injury)." Accordingly the motion to proceed in forma pauperis is DENIED.

---

[4] The threshold requirement for a prisoner seeking to demonstrate that he is exempt from § 1915(g) restrictions is an allegation of "imminent danger of serious physical harm." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997). See Pigg v. Federal Bureau of Investigation, 106 F.3d 1497, 1497 (10th Cir. 1997); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996); Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996). The Court will focus on the imminence of the danger "at the time of the alleged incident, and not at the time the complaint was filed." Gibbs, 116 F.3d at 83.

4

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. <u>Brown v. Toombs</u>, 139 F.3d 1102 (6th Cir. 1998). This places an affirmative burden on prisoners to plead particular facts demonstrating the complete exhaustion of claims. <u>Knuckles El v. Toombs</u>, 215 F.3d 640, 642 (6th Cir. 2000). The Court also applies § 1997e(a) to claims seeking monetary damages. <u>Wyatt v. Leonard</u>, 193 F.3d 876, 878 (6th Cir. 1999).

To the extent plaintiff's allegations are insufficient to satisfy the exhaustion requirement of § 1997e(a), 28 U.S.C. § 1997e(c)(2) provides that a court may, despite a lack of exhaustion, dismiss a claim which fails to state a claim upon which relief may be granted:

> In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e(c)(2). This Court, therefore, analyzes prisoner complaints for failure to state a claim and frivolity regardless of exhaustion of grievance procedures.

Smith may not maintain this action under § 1983 because he fails to allege any physical injury. Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or

5

emotional injury suffered while in custody without a prior showing of physical injury."

The complaint is DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (g). Plaintiff is, however, liable to the Court for the full $250.00 filing fee.[5]

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. Under 28 U.S.C. § 1915(b), a prisoner plaintiff must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.[6] In forma pauperis status merely grants him the right to pay the fee in installments.

In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the United States Court of Appeals for the Sixth Circuit construed § 1915(b) as requiring a prisoner to pay the entire

---

[5] Effective February 7, 2005, the civil filing fee was increased to $250. This obligation to pay the entire filing fee accrued at the moment plaintiff filed the complaint with the Court, which, in this case, was the moment he deposited his complaint in the prison mail system. Plaintiff cannot avoid this obligation because the case is dismissed as failing to state a claim. Furthermore, this fee shall be assessed against plaintiff's account at the prison without regard to other obligations whenever there is any money in his account.

[6] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal, or of a writ of certiorari, $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

appellate filing fee in installments even if the trial court certifies that the appeal is not taken in good faith. McGore, however, did not address appeals by prisoners who are barred from proceeding in forma pauperis by 28 U.S.C. § 1915(g).[7] That section nullifies the installment-payment privileges created by § 1915(b).

As required by McGore, the Court considers whether this appeal may be taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case under § 1915(g) also compel the conclusion that an appeal would be barred by § 1915(g). An appeal that would be barred by § 1915(g) lacks an arguable basis in law for proceeding in forma pauperis, and would not entitle the appellant to proceed in forma pauperis.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and § 1915(g), that any appeal in this matter by Plaintiff is not taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis. Twenty-eight U.S.C. § 1915(g) bars Johnson from taking an appeal under § 1915(b). Green v. Nottingham, 90 F.3d 415, 417 (10th Cir. 1996).

Accordingly, if plaintiff files a notice of appeal, the Clerk is ORDERED to assess and collect the entire fee of $255 from his prison trust fund account whenever funds are in the account, without regard to the installment payment provisions of § 1915(b).

---

[7] See supra note 3.

Furthermore, if plaintiff files a notice of appeal, he must pay the entire fee within thirty days of filing that notice. If he does not, this Court will notify the United States Court of Appeals for the Sixth Circuit that he has failed to comply with the fee requirements, and that Court will dismiss his appeal. It will not be reinstated thereafter even if he does pay the filing fee. Cf. McGore, 114 F.3d at 609-10.

Finally, regarding the imposition of sanctions, the Court reaffirms the previous sanctions order entered in Smith v. Shelby County, No. 03-2271-Ma/A (W.D. Tenn. July 28, 2003). Compliance with that order is a condition to filing any case in this Court. Furthermore, any case submitted by this plaintiff to another court that is thereafter transferred or removed to this district court will result in the same sanctions.

The Clerk of Court is ORDERED not to file, open on this Court's docket, assign a new docket number, or assign to a judge any further case whatsoever submitted by this plaintiff unless specifically directed to do so by a district judge or magistrate judge of this district.

Plaintiff was previously admonished in Smith v. Shelby County, No. 03-2271-Ma/A (W.D. Tenn. July 28, 2003), that a monetary fine could be imposed if plaintiff filed documents without leave of court and which were not in compliance with the Court's order. Undeterred, Smith submitted this complaint to the Clerk. Plaintiff's willful disobedience resulted in the docketing of a complaint which fails to state a claim upon which relief may be

8

granted. Therefore, the Court orders him to pay a fine of $250, in addition to the $255 appellate filing fee should he appeal.

Plaintiff is ORDERED not to file any further documents in this or any other action except a one-page notice of appeal. The Clerk shall not accept for filing in this or plaintiff's other actions any document whatsoever except that notice of appeal. Any other documents submitted shall be forthwith returned to him by the Clerk.

IT IS SO ORDERED this ___11___ day of October, 2005.

/s/ Jon P. McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 2 in case 2:05-CV-02517 was distributed by fax, mail, or direct printing on October 12, 2005 to the parties listed.

---

Jesse James Smith
SHELBY COUNTY CORRECTIONAL COMPLEX
23572
1045 Mullins Station Road
Memphis, TN 38134

Honorable Jon McCalla
US DISTRICT COURT